LOTTINGER, Judge.
This is a suit in open account by National Simplex Bludsworth, Inc., against Dallas S. Wood in the sum of $462.76. From a judgment below in favor of defendant, the petitioner has appealed.
The evidence shows that defendant was the operator of the Ace Theatre in Hammond, Louisiana. He had purchased certain motion picture and sound equipment from the petitioner under an installment contract. A policy of insurance issued by Home Insurance Company protected the holder of the mortgage against loss of said equipment. During the' month of December, 1948, a fire in the theatre caused substantial damage to the moving picture equipment and the sound system was considered a total loss. ' Under the said policy of insurance, the petitioner received the sum of $2,162.78, plus a salvage of $150 for the sound system, and the other equipment was repaired by petitioner, for which repairs *262 the insurance company paid petitioner the sum of $1,320.52. As stated, the projectors, lens, reflectors, etc., were repaired by petitioner at no cost to defendant, and a new sound system was installed by petitioner at a total cost of $2,775.54. This suit is for the sum of $462.76, being the difference between the cost of the new sound equipment and the amount received from the insurance company plus salvage on the old sound system. Said difference consisted in an advance in price of sound systems plus depreciation of 1% per month.
Defendant filed answer alleging that the repair bill paid by the insurance company was grossly excessive and furthermore that said repairs were defective. Defendant further claimed that all transactions relative to the insurance settlement were between the petitioner and the insurance company, and that he did not even know of a settlement until some months after it had been effected. He claims that said settlement should have been for at least the sum of $400 more, and that he should not be held liable for the difference as he was not a party to the settlement.
Suit wa9 tried by Judge Tycer who retired shortly thereafter. For reasons orally assigned, judgment was rendered by Judge Cornish in favor of the defendant, and the judgment was signed by his successor in office, Judge Burch.
Although we are not favored by written reasons for the decision rendered by the Lower Court, we are unable to find any obvious or apparent error in the said judgment which would justify our reversing the Lower Court. Testimony was introduced by the defendant to the effect that the repairs to the equipment were defective. The evidence shows that the lens, which were apparently repaired by the petitioner, were defective and were not usable thereafter. It was necessary for the defendant to purchase new lenses for the operation of his motion picture business. The projector was defective in that it rattled and made a terrible noise when operated. The reflectors were also defective. Defendant testified that he attempted to purchase new lenses from the petitioner, and that petitioner would not offer him anything for trade on the old lenses which petitioner had just repaired. It was necessary for him to purchase two new lenses for the sum of $150, and the best offer he could get for trade-in on the old lenses was $10.
All of the equipment in the theatre was only about ten months old. There is testimony in the record that the charges for repair of the equipment by the petitioner was excessive. Considering this fact together with the fact that the repairs allegedly made by petitioner were defective, we feel that the Lower Court was correct in dismissing its suit.
Furthermore, the evidence shows that the defendant was not a party to the insurance settlement. Although we do not know whether the amount of settlement would have been greater had he been consulted in the matter, certainly we feel that he was interested in the matter and petitioner should have consulted with him in the matter. He was the party who paid for the insurance, and he certainly had an interest in same as the insurance was for the full value of the equipment destroyed, and not only for the amount still due to the holder of the note. Certainly the defendant cannot now be held liable for the difference in cost of the new sound equipment, when he knew nothing whatever of the insurance settlement.
We feel, as apparently did the Lower Court, that the petitioner has failed to sustain his burden of proving liability on the part of the defendant, and, accordingly, the judgment of the Lower Court will be affirmed. All costs of this appeal to be paid by petitioner.
Judgment affirmed.